# Sparkman *v.* Swift *et al.*

*Trespass de bonis asportatis against Sheriff and others.*

1. *Joint and several trespasses; variance.*—In an action against the sheriff and the sureties on the indemnifying bonds of several different attaching creditors, as joint trespassers, a recovery can not be had on proof that the several attachments were sued out before the same officer but at different times, and were levied by the same officer on the same property but at different times, and the property levied on was held and advertised under all the attachments, and sold thereunder to a single purchaser, in bulk; the trespasses in such case being several and not joint.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

The appellant, Nancy C. Sparkman, brought an action of trespass against the appellees, M. T. Swift and others, to recover damages for the alleged wrongful taking of certain goods and chattels, averred to be the property of the plaintiff. The pleas are not set out in the record.

Swift, at the time of the alleged trespass, was sheriff of Morgan county, and the seizure complained of was made by him under and by virtue of certain writs of attachment duly sued out and issued against one Solomon A. Sparkman, the husband of the plaintiff, under whom the plaintiff claimed title by an alleged sale. Before levying the attachments,

the sheriff required the attaching creditors to give indemnifying bonds, and the suit was against the sheriff and the sureties on the indemnifying bonds, as joint trespassers. There were four writs of attachment sued out by different creditors, but issued by the same justice of the peace, returnable to the same court, and levied on the same goods by the same officer, defendant Swift; two were levied at the same time and the others were subsequently sued out and levied at different times; the same attorney represented the plaintiffs in the first three attachments, and the proof tended to show that the attorney for the plaintiff in the fourth attachment knew of the levies under the prior attachments; two of the defendants were sureties on two of the indemnifying bonds, and there was proof tending to show that one of the defendants, when he became surety on the indemnifying bond in one of the cases, had no actual knowledge of any other attachments, pending or threatened. Swift held the goods, advertised them for sale and sold them, under all the attachments, on the same day, to a single purchaser, in bulk.

The plaintiff, after introducing evidence tending to show title in her to the property levied on and possession by her at the time of the seizure thereof, introduced the several writs of attachment, and indemnifying bonds, and duly proved the same, and the several levies of said writs. Thereupon the defendants (including said Swift) moved the court to exclude as evidence said writs of attachment, the levies thereof, and said indemnifying bonds, because (1), they did not prove or tend to prove a joint conversion by the defendants of the goods in controversy, and (2), they proved separate and distinct acts of conversion in which the defendants did not participate. And each of the defendants, separately, for himself, moved the court to exclude said evidence, except that relating to the suit in which he participated, because (1), the other writs of attachment, &c., as to him were *res inter alios acta ;* (2), it was not shown that he had any connection therewith, and (3), they did not show that he, jointly with the other defendants, committed jointly or in concert, the conversion alleged in the complaint. The court sustained each of these motions and excluded said evidence from the jury; and the plaintiff reserved a separate exception to each of said rulings of the court. The court, in answer to an inquiry from plaintiff's counsel, announced, before plaintiff had closed her evidence, as the effect of the above rulings, that, upon request in writing, the affirmative charge would be given in favor of

all the defendants except Swift. The plaintiff excepted to this ruling, and took a non-suit with a bill of exceptions.

HAMILL & LUSK, for appellant, argued that all the defendants were jointly liable, and, as supporting this position, cited, 2 Hill on Torts, pp. 242-6, § 9; 35 Me. 86; 56 Tenn. 365; *Stone v. Dickinson*, 5 Allen, 27.

C. C. HARRIS, *contra.*—The defendants were not liable as joint tort-feasors.—Dicey on Parties to Actions, 449; 33 Am. Rep. 523-566; 5 Port. 54; 1 Chit. Pl. 91-97; 1 M. & S. 588.

CLOPTON, J.—Though acting at different times and in different ways, several persons may commit a joint wrong, the acts preceding its consummation and contributing thereto; and a party may become, by ratification, a wrong-doer jointly with others, if the original wrong was done for his benefit, or to advance some purpose of his own.—Cooley on Torts, 127. Accordingly, where a creditor sues out a writ of attachment, and others become sureties on a bond to indemnify the sheriff, if he levies and seizes property, which is not subject to the attachment, and he accordingly levies, the creditor, sureties and sheriff become joint trespassers.—*Lovejoy v. Mowbray*, 3 Wal. 1; *Screws v. Watson*, 48 Ala. 628. Also, if several creditors sue out at different times separate writs of attachment against a common debtor, and cause them to be *simultaneously* levied by the same officer, they will be regarded, the levy being wrongful, as joint wrong-doers, though they may have acted separately, without concert, and each was endeavoring to secure a priority of lien. The wrong, in such case, consists in the levy and seizure of the property, which was done by the same officer, at the same time, for each and all of the attaching creditors. They cotemporaneously committed the wrong by a common agent.—*Stone v. Dickinson*, 5 Allen, 29. But where separate writs of attachment are issued at the suit of several creditors against a common debtor, and *levied* at different times, though by the same officer, without concert or participation of either in the acts of the others, the trespasses are separate and distinct, for which each creditor is severally liable, though they may have employed the same attorney.—*Ellis v. Howard*, 17 Vt. 330; *Eddy v. Howard*, 23 Iowa, 175; *Chipman v. Palmer*, 33 Am. R. 566.

The suit is brought against several defendants for a joint trespass, committed by levying separate writs of attachment sued out by different creditors. Two of the writs were levied at the same time. The others were subse-

quently sued out by other creditors, and levied at subsequent and different times. The acts, which culminated in the wrongs complained of, were not cotemporaneous, nor were the wrongs simultaneously committed. The evidence of separate and distinct trespasses, committed by the defendants severally, was properly excluded, being irrelevant in a suit against all the defendants for a joint trespass.

Affirmed.