# Smith *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Assault with intent to murder.*—An assault with intent to murder is not a statutory offense, but a common-law misdemeanor converted by statute into a felony. The specific intent to take life is not an essential element of it. An assault with intent to do grievous harm to the person of another, accompanied with ability to effect it, without legal excuse or sufficient provocation, constitutes the offense.

2. *Ambiguous charge.*—A charge which is susceptible of two constructions, one of which is erroneous, is properly refused.

[Smith v. The State.]

3. *Charge as to construction of evidence.*—A charge which instructs the jury that, "if any of the evidence [testimony] in the case admits of two or more constructions, one of which is favorable to the defendant, and one unfavorable to him, they must put upon it the construction, if reasonable, that is favorable to him," invades the province of the jury, tends to mislead them, and is properly refused.

FROM the Circuit Court of Pike.
Tried before the Hon. JOHN P. HUBBARD.

W. L. PARKS, for the appellant, cited *Smith v. The State*, 83 Ala. 26.

WM. L. MARTIN, Attorney-General, for the State, cited *Allen v. State*, 52 Ala. 391; *Williams v. State*, 77 Ala. 53; *Jones v. State*, 79 Ala. 23; *Lane v. State*, 85 Ala. 11.

CLOPTON, J.—The defendant, who was indicted and convicted for an assault with intent to murder Henry White, requested the court to charge the jury: "Before the jury can find the defendant guilty, they must believe beyond a reasonable doubt that, at the time of the firing of the pistol, the defendant had a specific intent to murder Henry White." Substantially the same proposition was asserted by the second, third and fourth charges requested by the defendant. The statute does not create, but merely converts the offense of assault with intent to murder from a misdemeanor to a felony, by inflicting severer punishment. It neither adds to nor diminishes the constituents of the offense as known to the common law. Malice is an essential ingredient; and the expression, that a wrongful act and the specific intent to murder must concur, as used in the law-books in defining the crime, is merely intended to distinguish it from that class of cases in which a general felonious intent is sufficient. The specific intent to take life is not essential. An assault with intent to do grievous harm to the person of another, accompanied with ability to effect it, without legal excuse or sufficient provocation, constitutes the offense. The particular intent may be inferred, as the specific malicious intent in murder, from the character of the assault, the use of a deadly weapon, and the absence of excusatory facts and circumstances.

While the phrase, that the specific intent to murder must be alleged and satisfactorily proved, may be sufficiently accurate and definite in defining the offense; yet, when used in a charge, there being no evidence of an intent to take the

VOL. LXXXVIII.

[Smith v. The State.]

life of, or do bodily harm to, any person other than the one named in the indictment, it renders the charge susceptible of two constructions, one of which is, that an express or positive intent to murder the particular person, as contradistinguished from an intent inferred or presumed from the circumstances, must be proved. It is settled, that where a charge is susceptible of two constructions, the construction will be adopted by the appellate court which is least favorable to the party asking it; and if, when so construed, it asserts an incorrect legal proposition, being calculated to mislead the jury, should be refused.—*Ross v. Ross*, 20 Ala. 105; *Carter v. Chambers*, 79 Ala. 223. The decisions in *Meredith v. State*, 60 Ala. 441, *Allen v. State*, 52 Ala. 391, and *Moore v. State*, 18 Ala. 532, are express to the point, where similar charges were held to have been properly refused.

There is no error in refusing to charge the jury, as asked by defendant, that they "are not required under the law to draw unjust or unreasonable inferences from the testimony, and if any of the evidence [by which we understand, any of the testimony] in the case admits of two or more constructions, one of which is favorable to the defendant, and one unfavorable to him, the jury must put the construction upon it, if reasonable, that is favorable to defendant." The first clause of the charge asserts a correct proposition, but the latter clause is not based upon the relative reasonableness of the two constructions. The testimony in support of the construction favorable to the accused, may be weak, and yet not so weak as to render the construction unreasonable. It may be stronger in support of the construction unfavorable to the accused. Besides, the jurors are the sole judges of what construction shall be placed upon the testimony, and of what inferences shall be drawn therefrom. In consideration of the whole evidence, they may conclude that the unfavorable construction is proper. The charge instructing the jury that they must put upon any part of the testimony a construction favorable to defendant, if reasonable, invades their province, and is calculated to mislead them.

Affirmed.