# Skipper *v.* Reeves.

*Trespass against Sheriff and Attaching Creditors, by Purchaser from Defendant in Attachment.*

1. *Sale of goods by insolvent debtor; burden of proof as to fraud, and payment of valuable consideration.*—When the validity of a sale of goods by an insolvent debtor is attacked by his creditors, the *onus* is on them in the first instance to show a fraudulent purpose on his part, and notice thereof by the purchaser, or information of facts and circumstances sufficient to charge him with constructive notice; but, if the creditors' debts were in existence at the time of the sale, the *onus* is on the purchaser to prove the payment of a valuable and adequate consideration by him, which raises the presumption that the sale was fair and honest, and casts on the creditors the *onus* of proving *mala fides*.

2. *Charges as to fraud, invading province of jury.*—A charge instructing the jury that they "are not allowed to infer fraud, when the facts out of which it is supposed to arise may well consist with honesty and pure intention ;" or, that "if the circumstances relied on to sustain fraud are fairly susceptible of an honest intent, that construction should be placed upon them," each invades the province of the jury, and is erroneous.

3. *Bond of indemnity; admissibility as evidence.*—In trespass against a sheriff, for levying attachments on a stock of goods claimed by plaintiff under a purchase from the defendant in attachment, the attaching creditors also being joined as defendants, a bond of indemnity given by them to the sheriff, a few days after the levy, is admissible as evidence for the plaintiff for the purpose of showing their ratification of the sheriff's acts.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Isaac L. Reeves, against A. B. Skipper and others, to recover damages for an alleged trespass, which was the levy by said Skipper, as sheriff, of several attachments against Sims & Reeves, a mercantile partnership,

on a stock of goods which plaintiff claimed to have bought from them prior to the levy; and the several attaching creditors were also joined as defendants. The defendants, by plea, attacked the validity of the plaintiff's purchase, on the ground of fraud; and the sheriff also justified under the attachments, alleging that the goods belonged to Sims & Reeves at the time of the levy.

The attachments were sued out on the 5th November, 1887, and were levied that day on the stock of goods, in the store-house in which Sims & Reeves had carried on their mercantile business. On the 12th November, seven days afterwards, the attaching creditors executed a bond of indemnity to the sheriff, to save him harmless on account of the levy. On the trial, the plaintiff offered this bond of indemnity in evidence, and the court admitted it, against the objection of defendants, "but limited its effect to proof of ratification by them of the seizure and sale by the sheriff;" and the defendants excepted to its admission, "without or with said limitation." The defendants proved that J. Ivey Reeves, one of the partners in said mercantile firm, was a brother of the plaintiff in this action, and that said firm was financially embarrassed, if not insolvent, at the time the attachments were sued out; and they adduced evidence tending to show that plaintiff had knowledge of their pecuniary condition, and had declared to others that they would soon make "the biggest smash up you ever heard." The plaintiff, testifying for himself, said that he bought the goods "about two weeks before the levy," from his brother, and paid $1,417.19 for them, "which was twenty per cent. less than their inventoried value," as shown by an inventory taken by him and one Granberry the day before; that he paid the money to his brother the next day, and called in Granberry to write the receipt and count the money, but he declined to do so; and he denied that he had, at that time, any knowledge of the financial embarrassment of Sims & Reeves, and said that the conversations to which defendants' witnesses had testified, if they ever occurred, must have occurred after his purchase of the goods. A statement in detail of the evidence bearing on these facts is unnecessary.

The court gave five charges in writing to the jury, on request of the plaintiff, to each of which the defendants duly excepted. The first, fourth and fifth charges are set out in the opinion of the court, and the others were as follows: (2.) "If the evidence shows to the reasonable satisfaction of the jury that plaintiff bought said goods, and paid a fair price for them, then the defendants can not defeat this action on the ground of fraud in said purchase, unless they show to the reasonable

[Skipper v. Reeves.]

satisfaction of the jury, not only the existence of fraudulent purpose on the part of plaintiff's vendors in making the sale, but also that plaintiff knew or had notice of such fraudulent purpose, or had information of such suspicious circumstances as were reasonably calculated to put him on inquiry, and which, if followed up, would have led to knowledge of such purpose." (3.) "In this case, the burden is first upon plaintiff to show that he bought the goods and paid a fair price for the same; that when the jury finds that plaintiff had done this, the burden of proof shifts to the defendants, and to defeat a recovery by plaintiff, the burden is on the defendants to show fraudulent purpose on the part of plaintiff's vendors in making the sale; and the burden is on the defendants, furthermore, to show knowledge or notice on the part of plaintiff of such fraudulent purpose, or of such facts or circumstances as were reasonably calculated to excite his suspicion, and lead, upon following them up, to a knowledge of such fraudulent purpose."

The defendants appeal, and assign as error the several charges given by the court, and the admission of the bond of indemnity as evidence, against their objection and exception.

S. H. DENT, JR., and WATTS & SON, for appellants, cited *Little v. State,* 89 Ala. 99; *Smith v. State,* 88 Ala. 23; *Shealy v. Edwards,* 75 Ala. 418; *Pickett v. Pipkin,* 64 Ala. 525; *McHan v. Ordway,* 76 Ala. 347; *Chamberlain v. Dorrance,* 69 Ala. 40; *Morgan v. Morgan,* 68 Ala. 80; *Marler v. State,* 67 Ala. 55; *Pollak v. Searcy,* 84 Ala. 262; *David v. Malone,* 48 Ala. 428; *Thompson v. State,* 47 Ala. 37; *Flewellen v. Crane,* 58 Ala. 627; Bump on Fraud. Conv. 25; Bigelow on Frauds, 468.

J. G. COWAN, and J. W. FOSTER, *contra,* cited *Stix v. Keith,* 85 Ala. 465; *Hoyt & Bros. Manfg. Co. v. Turner,* 84 Ala. 523; *Pollak v. Searcy,* 84 Ala. 259; *Sparkman v. Swift,* 81 Ala. 231; *Crommelin v. McCauley,* 67 Ala. 542; *Adams v. Thornton,* 78 Ala. 489; *Crawford v. Kirksey,* 55 Ala. 282.

CLOPTON, J.—Appellee brings the action of trespass for the alleged wrongful seizure of a stock of goods under attachment against Sims & Reeves, which he purchased from them for cash. The defendants are the sheriff, the attaching creditors, and the sureties on the bond of indemnity given to the sheriff, who seeks to defeat the action on the ground of fraud in the sale. The rules as to the burden of proof in such cases may be epitomized as follows: Fraud not being presumed, when the transaction is lawful and honest on its face, the *onus*

[Skipper v. Reeves.]

is primarily on defendants to show a fraudulent purpose on the part of the debtors making the sale, and that plaintiff had notice thereof, or information of facts and circumstances sufficient to charge him with notice.—*Stix v. Keith*, 85 Ala. 465. Defendants having shown the existence of the debts of the attaching creditors ante-dating the sale, the necessity of proving a valuable consideration devolved on plaintiff as the purchaser. *Lipscomb v. McClellan*, 72 Ala. 151. To sustain a sale against the existing creditors of the vendor, not only must the purchaser pay a fair and reasonable price, but the sale must be also *bona fide*. Proof of an adequate and valuable consideration raises the presumption that the sale is fair and honest, which may be rebutted or overcome, and operates to shift the burden on the attaching creditors of showing *mala fides* in making the sale—of proving a fraudulent intent on the part of the seller, and notice thereof to the purchaser, or of facts putting him on inquiry which, if followed up in good faith, would lead to a knowledge of such intent.—*Hodges v. Coleman*, 76 Ala. 103; *Spira v. Hornthall*, 77 Ala. 137. The first charges asked by plaintiff substantially assert the foregoing propositions.

Not controverting these rules, the objection urged by appellants to the charges, especially the first, is, that to enable defendants to rebut the presumption arising from proof of a valuable consideration, they exact evidence of a character too narrow and onerous. The first charge is in this language : "That if the evidence reasonably satisfies them [the jury] that plaintiff bought the goods, paying a fair and reasonable price for them, they must find for the plaintiff, unless the evidence reasonably satisfies them that plaintiff's vendors made said sale with the intent or purpose to delay, hinder or defraud their creditors, and that when plaintiff made his purchase, he knew or had notice that such was the intention or purpose of his vendors, or had information of suspicious circumstances which ought to have led him to make inquiry, and if followed up would have led to knowledge of such intent." When the charge is referred to the evidence, we do not think it obnoxious to the criticism made by counsel for appellant. Defendants did not assail the adequacy or valuableness of the consideration, nor was there any evidence tending to show the reservation of a secret benefit. The real issues were, whether the vendors made the sale with intent to hinder, delay or defraud their creditors, and whether plaintiff had notice thereof, actual or constructive. The charges cover and state correctly the principles applicable to these issues. Neither, as we understand them, do they exclude the right of defendants to rebut

[Skipper v. Reeves.]

the presumption by proving any act, the direct and necessary consequence of which is to defraud the creditors of the vendors— such as the reservation of a secret benefit. Such reservation is itself evidence of a fraudulent intent, and of the purchaser's participation therein.

The court further charged the jury, at request of plaintiff, that they "are not allowed to infer fraud, when the facts out of which it is supposed to arise may well consist with honesty and pure intention;" and also, "if the circumstances in this case, relied on to sustain fraud, are fairly susceptible of an honest intent, that construction should be placed upon them." These charges invade the province of the jury. In *Smith v. State*, 88 Ala. 23, the charge asked was, "if any of the evidence in the case admits of two or more constructions, one of which is favorable to the defendant, and one unfavorable to him, the jury must put the construction upon it, if reasonable, that is favorable to defendant." We held there was no error in the refusal to give this charge. Its vice was said to consist in the fact that it is not based upon the relative reasonableness of the two constructions. And in *Pollak v. Searcy*, 84 Ala. 259, the language of the instruction being, "that, if the facts relating to the sale of the property in question admit of two constructions, the one rendering it fraudulent, the other honest and valid, the latter must be accepted and acted upon;" it is said: "This instruction hypothesizes nothing as to the relative strength of the testimony or belief, supporting the alternate constructions. These may be weak, and still not so weak or worthless as to fall within the asserted rule. *Admit*, in the sense here employed, is the synonym of tolerate. A paraphrase of the sentence would be, that unless the testimony tending to prove the fraud is so clear as to admit of no other conclusion, then the jury must find the conveyance valid. The rule declared is too exacting."

The charges are based on the expression so repeatedly used, "fraud is never to be presumed." This, and other propositions growing out of its application, such as those employed in the instructions under consideration, should not be regarded as statements of absolute and inflexible rules of law, subject to no qualification or exception, but rather as rules for the guidance of courts and juries in considering and weighing the testimony as to the facts of the transaction. While one skilled and accustomed to drawing inferences from established facts would understand the import and bearing of such expressions, when used in an instruction to the jury, the natural tendency is to mislead the average juror, unless properly qualified and explained. Fraud, like any other fact, the sub-

[Skipper v. Reeves.]

ject of judicial inquiry, may be proved by circumstantial, as well as by positive evidence. In the majority of cases it is capable of being proved only by circumstances. There is nothing in the nature or improbability of fraud which calls for a greater quantity of proof to establish it than that which is required to establish the facts in any civil action. BLACK, C. J., observes: "The frequency of frauds upon creditors, the supposed difficulty of detection, the powerful motives which tempt an insolvent man to commit it, and the plausible casuistry with which it is sometimes reconciled to the consciences of persons whose previous lives have been without reproach; these are the considerations which prevent us from classing it among the grossly improbable violations of moral duty; and therefore, we often presume it from facts which may seem slight."—*Kaine v. Weigley*, 22 Pa. St. 179. Jurors are the sole judges of the 'conclusions of fact to be drawn from the evidence, and should be left free and unhampered by instructions from the court to put any particular construction upon the testimony, and authorized to draw such inferences as logically result from the facts satisfactorily proved. The charges under discussion withdrew from the consideration of the jury the relative strength of the testimony, and in effect instructed them, that though the evidence may reasonably satisfy them of the perpetration of fraud and justify its inference, they are not allowed to infer or impute it, unless the evidence is so clear that the facts out of which it is supposed to arise may not well consist with honesty and fair dealing, or are not fairly susceptible of an honest intent. The effect is to direct the minds of the jury from the inferences they may reasonably draw from the facts, to the inquiry, whether they may so consist or are so susceptible. Such charges are not only calculated to mislead, but exact a higher degree of certainty of proof, than 'is required in other civil cases, and are invasions of the province of the jury.

The bond of indemnity was properly admitted in evidence. *Sparkman v. Swift*, 81 Ala. 231.

Reversed and remanded.