(79 South. 148)

HILL, Sheriff, et al. v. ELMORE.
(1 Div. 201.)

(Court of Appeals of Alabama.   May 7, 1918.)

1. EXECUTION ☞470 — WRONGFUL LEVY—SPECIAL PLEAS—DEMURRER.

Special pleas to counts for trespass and conversion, confessing the taking, but alleging property was taken under legal process, regularly issued out of court of competent jurisdiction, against execution defendant, but not alleging property was his, were demurrable.

2. EXECUTION ☞471 — WRONGFUL LEVY — TITLE—EVIDENCE.

In action in trespass and conversion for wrongful taking of personalty on execution against plaintiff's husband, source of plaintiff's title was relevant, and it was competent for her to prove by a witness she obtained money with which property was bought from her father.

3. TRIAL ☞54(3)—WRONGFUL LEVY—LIMITATION TO IMPEACHMENT.

In action for wrongful taking of plaintiff's personalty, on execution against her husband, where husband, on cross-examination by defendants, was asked if he had other conversations with them in which he claimed property, question and negative answer were properly limited to impeachment of his testimony.

4. EXECUTION ☞471—TRESPASS FOR WRONGFUL LEVY—EVIDENCE.

When indemnitor is joined with sheriff in trespass for wrongful levy, bond and other facts tending to show participation in or ratification of levy are admissible.

5. EXECUTION ☞471 — WRONGFUL LEVY — EVIDENCE.

In action for wrongful taking of personalty on execution against plaintiff's husband, mortgage given by plaintiff before levy against husband was admissible as tending to refute defendants' contention she did not claim property until after levy.

6. APPEAL AND ERROR ☞1048(5)—HARMLESS ERROR—EVIDENCE.

In action for wrongful taking of plaintiff's personalty on execution against her husband, question to defendants' witness, if he had not had trouble with execution defendant in regard to mortgage, if error, was harmless; witness answering in negative.

7. EVIDENCE ☞317(5)—IMPLIED ADMISSION—STATEMENT NOT IN PRESENCE.

In action for wrongful taking of plaintiff's personalty on execution against husband, conversation between two persons, as to what plaintiff's husband had said to them as to ownership of property when plaintiff was not present, was immaterial, incompetent, and illegal.

8. TRIAL ☞203(4)—INSTRUCTION—RELATION TO COUNT WITHDRAWN.

A charge, requested by defendant, relating to a count withdrawn from the jury, was properly refused.

9. EXECUTION ☞462 — WRONGFUL LEVY — LIABILITY.

If any part of property levied on was property of execution defendant's wife when sheriff levied and took it, sheriff and judgment creditor who instigated levy are liable to wife for value.

10. EXECUTION ☞459 — LEVY ON WIFE'S PROPERTY.

Neither the sheriff nor any one else was justified in taking her property from a wife, under any writ from the court or otherwise, directed against her husband.

Appeal from Circuit Court, Washington County; H. H. McClelland, Special Judge.

Action by Maggie Elmore against L. F. Hill as sheriff and individually, and P. J. Beech, Jr., in trespass and conversion. Judgment for plaintiff, and defendants appeal. Affirmed.

Beech had procured a judgment against P. R. Elmore, and he, together with the sheriff and several others, went to the home of Elmore, and levied upon oxen and a mule. Mrs. Elmore claimed the mule, and forbade them taking it. Hill replied that he had a bond, and was obliged to take it. The evidence disclosed some show of force and resistance. The following charges were refused to defendant: The affirmative charge as to each count of the complaint. The following charges were given for plaintiff:

(2) If you are reasonably satisfied from the evidence that any part of the property in this case was the property of Maggie Elmore at the time when the sheriff levied his execution and took the property, then your verdict must be for plaintiff, for the value of the property.

(3) If you are reasonably satisfied from the evidence in this case that the property consisted of one bay mule, and two oxen, were the property of Maggie Elmore on the night of October 10, 1913, when they were taken by the sheriff, then your verdict will be for plaintiff for the value of $150, with interest from October 10, 1913, up to this date.

(4) If you are reasonably satisfied from the evidence in this case that the property was the property of Mrs. Maggie Elmore on October 10, 1913, then neither the sheriff nor any one else was justified in taking the property from her under any writ from the court or otherwise, directed against her husband, P. R. Elmore, and your verdict will be for plaintiff.

It was agreed that the value of the mule was $100, and that of the oxen $50 at the time of the taking. Action by plaintiff, claiming damages for the wrongful taking of personal property. From a judgment for plaintiff, defendant appeals.

Joe M. Pelham, Jr., of Chatom, for appellants.  Granade & Granade, of Chatom, for appellee.

SAMFORD, J. [1] 1 and 2. The complaint was in four counts, three in trespass and one for conversion. The trespass counts averred the wrongful taking and the count for conversion alleged the conversion of certain personal property, to which defendant interposed the plea of the general issue, and two special pleas, confessing the taking, but alleging that the property was taken under legal process regularly issued out of a court of competent jurisdiction against P. R. El-

more, but the pleas did not allege that the property levied on was the property of P. R. Elmore, the defendant in execution. For this reason the demurrer was properly sustained.

[2] 3. The source of plaintiff's title to the property was relevant, and hence it was competent for plaintiff to prove by a witness that plaintiff obtained the money with which the property was bought from her father.

[3] 4. The witness P. R. Elmore, while being cross-examined by defendant, was asked the question if he had other conversations with defendants, in which he claimed to own the property. The witness answered, No. This question and answer was limited to the impeachment of the testimony of the witness. There was no error in this ruling. His claim of ownership, in the absence of plaintiff, would not affect her title or rights in the property.

[4] 5. When indemnitor is joined with the sheriff in a suit of trespass for a wrongful levy, the bond and other facts tending to show participation or ratification of the levy are admissible. Skipper v. Reeves, 93 Ala. 332, 8 South. 804; Ullman v. Myrick, 93 Ala. 532, 8 South. 410.

[5] 6. The mortgage given by plaintiff in September prior to the levy of the execution against P. R. Elmore was admissible as tending to refute the contention of the defendants that she did not claim to own the property until after the levy.

7. The motion by the defendant Beech to exclude all of plaintiff's testimony, so far as the testimony affected him, was properly overruled. He was shown by the evidence to have aided, encouraged, and instigated the trespass.

[6] 8. The question asked defendant's witness if he had not had trouble with Pearce Elmore in regard to a mortgage, if error, was without injury, as the witness answered that he had not.

[7] 9, 10, and 11. The conversation between Richardson and Holcomb, as to what the plaintiff's husband had said to them as to the ownership of the property levied on, at a time when plaintiff was not present, was properly excluded, as being immaterial, incompetent, and illegal.

12. The question propounded by plaintiff to the defendant Beech, "Did Mr. Hill tell you of the contents of the conversation over the phone?" was without injury, as the witness answered in the negative.

13. What Holcomb might have said in a conversation, where plaintiff was not present, was not competent evidence, as tending to disprove the title of plaintiff.

[8] 14. It was competent for plaintiff to show by the defendant Hill that at the time he made the levy he was indemnified by the other defendant. Authorities supra. It was

not error to refuse the fifth charge at the request of the defendant. This charge related to the fifth count, which had been withdrawn from the jury. Charges numbered 7, 8, and 9 were the affirmative charges for defendants as to counts 1, 2, and 3, and were properly refused.

[9, 10] Charges 2, 3, and 4, given at the instance of plaintiff, assert correct propositions of law as applied to this case, and the giving of them as requested was not error.

There is no error in the record, and the judgment is affirmed.

Affirmed.