(115 So. 99)

### IRON CITY GRAIN CO. v. CITY OF BIRMINGHAM. (6 Div. 887.)

Supreme Court of Alabama. Jan. 12, 1928.

**1. Electricity ⬅19(13)—Charge that law did not presume defendant was negligent held not error as misplacing presumption and burden of proof.**

In action against city for fire loss for alleged negligence in manner of furnishing electricity and maintaining equipment to transmit current, charge that law did not presume defendant was negligent *held* not error as misplacing presumption or burden of proof.

**2. Trial ⬅194(15)—Charge not to find defendant negligent, if jury could reconcile evidence with contrary theory, held misleading and invasive of jury's province.**

In action against city for fire loss because of defendant's negligence in furnishing electricity and maintaining equipment to transmit it, charge that, if jury could reconcile evidence with theory that defendant was not negligent, it was their duty so to do, *held* error as misleading and as invading province of jury.

**3. Appeal and error ⬅1066—Giving charge that proof showing thing could have happened in given way did not warrant conclusion it happened that way held not reversible error.**

In suit against city for fire loss from negligence in furnishing electricity and maintaining equipment to transmit it, while charge that proof which showed only that a thing could have happened in a given way did not warrant conclusion that it happened in that way might have been refused, giving thereof was not reversible error.

**4. Electricity ⬅19(13)—Charge that, to find defendant negligent, facts must be so related that only conclusion must show negligence, held confusing and misleading.**

In action against city for fire loss from negligence in furnishing electricity and maintaining equipment to transmit it, charge that, before jury could find for plaintiff, they must be satisfied under evidence that facts and circumstances relied on were so related that only conclusion therefrom was that defendant was negligent, and that facts were inconsistent with theory that defendant was not negligent, could well have been refused as confusing and misleading.

**5. Appeal and error ⬅701(1)—Trial court could not be put in error for charging defendant had no duty to maintain wires in plaintiff's building, where bill of exceptions did not contain all the evidence.**

In action against city for fire loss for negligence in furnishing electricity and maintaining equipment to transmit it, trial court cannot be put in error for charging that defendant had no duty to maintain wires inside plaintiff's building, where there was evidence that defendant placed wires without compensation, and bill of exceptions recited that there was other evidence not set out.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by the Iron City Grain Company against the City of Birmingham for destruction by fire of plaintiff's place of business alleged to have been caused by the negligence of defendant in manner of furnishing electricity and in maintaining its equipment for transmitting electric current to said building. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

These charges were given at defendant's request:

"(1) The court charges the jury that the law does not presume that the defendant in this case was guilty of any negligence, and, if you are able to reasonably reconcile all of the evidence in the case with the theory that the defendant was not guilty of negligence, it is your duty so to do, and in that event you should find for the defendant."

"(2) The court charges the jury that proof which goes no further than to show that a thing could have happened in a given way does not warrant the conclusion that it did happen in that way."

"(3) The court charges the jury that, before you should find for the plaintiff in this case, you must be reasonably satisfied from the evidence that the facts and circumstances relied upon by the plaintiff are of such a nature, and so related to each other, that the only conclusion that could be fairly and reasonably drawn therefrom is that the defendant was guilty of negligence. It is not sufficient that such facts and circumstances may be consistent with the theory that the defendant was guilty of negligence, but you must be reasonably satisfied from the evidence that such facts and circumstances are inconsistent with the theory that the defendant was not guilty of any negligence."

"(4) The court charges the jury that there was no duty on the defendant to maintain any wires inside the plaintiff's building."

Thos. J. Judge, F. D. McArthur, and Edgar Allen, all of Birmingham, for appellant.

If a reasonable construction can be given to facts proven, one favorable and the other unfavorable to defendant, it is not the duty of the jury to give that which is favorable to defendant rather than that which is unfavorable. Key v. State, 4 Ala. App. 76, 58 So. 946;

---
⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Compton v. State, 110 Ala. 24, 20 So. 119; Gibson v. State, 91 Ala. 64, 9 So. 171; Thomas v. State, 106 Ala. 19, 17 So. 460. An instruction is erroneous which directs the jury to find in favor of that party whose theory is more acceptable and more consistent with their experience. 38 Cyc. 1780. The inferences to be deduced from facts in evidence are for the jury. 38 Cyc. 1517. Where the facts admit of different constructions or inferences, or where different conclusions might be drawn, although the evidence is uncontradicted, the case is for the jury. 38 Cyc. 1536, 1539, 1540.

Horace C. Wilkinson and J. C. Burton, both of Birmingham, for appellee.

In the absence of evidence of actual negligence, evidence of due care by the defendant will make the case one for the court. Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257; Liverett v. N. C. & St. L. R. Co., 186 Ala. 111, 65 So. 54; Mobile Light & R. Co. v. Roberts, 192 Ala. 486, 68 So. 815; L. & N. R. Co. v. Moran, 200 Ala. 241, 76 So. 7; C. of G. R. Co. v. Robertson, 203 Ala. 358, 83 So. 102; Fairfax v. King, 21 Ala. App. 306, 107 So. 722. The burden is on the party alleging negligence to prove same. Lawson v. Mobile Elec. Co., supra; L. & N. R. Co. v. Glick, 214 Ala. 303, 107 So. 453.

ANDERSON, C. J. The only error insisted upon in argument is to the action of the trial court in giving certain charges at the request of the defendant.

[1, 2] We are not persuaded that the charge made the basis of assignment of error 3, and which we number 1, is bad, in that the first part thereof misplaces the legal presumption or burden of proof. It does not attempt to deal with the shifting of the burden or the going forward by the defendant with evidence after the plaintiff has established certain facts as dealt with and discussed in the case of Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257, but we think the latter part of same was bad. It was not only misleading, but invaded the province of the jury, and was therefore erroneous. Smith v. State, 88 Ala. 23, 7 So. 103; Gibson v. State, 91 Ala. 64, 9 So. 171; Skipper v. Reeves, 93 Ala. 332, 8 So. 804. The charge, in effect, instructs the jury that they should not find the defendant guilty of negligence, if they could reasonably reconcile all the evidence in the case with the theory that the defendant was not guilty of negligence, although they could have more reasonably found from all the evidence that the defendant was guilty of negligence. True, in the first two cases cited, similar charges were criticized merely, and the trial court was justified in refusing same, but, in the last case, Skipper v. Reeves, supra, it

was held that the giving of such charges was reversible error.

[3] The trial court could have well refused the charge embodied in the fourth assignment of error, and which we number 2, but we do not think that the giving of same was reversible error.

[4] While the charge made the basis of the fifth assignment of error, and which we number 3, does not possess the vice pointed out as to charge 1, it is involved, confusing, and misleading, and could have well been refused.

[5] We cannot put the trial court in error for giving the charge made the basis of the sixth assignment of error, and which we number 4. It affirmatively instructs the jury that it was not the duty of the defendant to maintain any wires inside the plaintiff's building. True, there was evidence from which the jury could infer that the defendant placed the wires there without compensation, and this might afford a rebuttable inference that it was the defendant's duty to maintain them, but this inference may have been completely rebutted or overcome by other evidence not appearing in the record. The bill of exceptions recites: "There was other evidence in the case not herein set out."

For the error above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.