187 So.2d 251

Rosa Lee SAWYER

v.

Alvin STABLER.

1 Div. 324.

Supreme Court of Alabama.

June 2, 1966.

Nicholas S. Hare, Montgomery, and Tipler & Fuller, Andalusia, for appellant.

Windell C. Owens, Monroeville, for appellee.

HARWOOD, Justice.

Rosa Lee Sawyer, a widow and mother of Gordon Lee Sawyer, her minor son, brought an action against Alvin Stabler seeking damages because of the death of Gordon Lee Sawyer as a result of being struck by Stabler's automobile.

At the time he was struck Gordon Lee Sawyer was riding a motorcycle. The accident occurred about 10:15 P.M., at or near a traffic signal in the business section of Frisco City. At this point Alabama Highway 21, which runs north and south through Frisco City, is joined by a road leading eastward to Repton.

The evidence presented by the litigants is in hopeless conflict. The tendencies and inferences of the plaintiff's evidence was that at the time he was struck Gordon Lee was stopped in the east lane of Highway 21 at the traffic light, and that the automobile being driven northward by the defendant veered from the east lane across into the west lane striking the motorcycle and Gordon Lee. Witnesses for the plaintiff estimated the speed of the automobile at 40 miles per hour at the time of the accident.

There was evidence to the effect that skid marks were observed in the roadway at the scene leading at an angle from the west lane of Highway 21 to within 8 or 10 feet from where the motorcycle and Gordon Lee lay after the accident.

On the other hand the defendant, Stabler, testified strenuously that he was proceeding southward in the east lane of Highway 21 and not northward, and that his speed was between 15 and 20 miles per hour. He wished to contact his employer that night, and as he approached the site of the accident, he observed an approaching automobile similar to one driven by his employer, and momentarily glanced at it, and about this time the accident happened. Had the motorcycle been approaching him from the opposite direction with lights on, he would have seen it. He would say that the motorcycle came out of a filling station near the intersection. He did not remember "hitting" the brakes of his automobile, and did not skid his tires.

The jury returned a verdict in favor of the defendant, and judgment was entered pursuant to the verdict. The plaintiff's motion for a new trial being overruled, an appeal was perfected to this court.

■ The evidence as outlined above constitutes only a thumbnail sketch, but is sufficient for this review since a reversal of this judgment is necessitated because of error in the giving of defendant's requested written charge number D–8, made the basis of appellant's assignment of error number 6. This charge reads as follows:

"The Court charges the jury that the law does not presume that the Defendant in this case was guilty of any negligence, and, if you are able to reasonably reconcile all the evidence in the case with the theory that the Defendant was not guilty of negligence, it is your duty so to do, and in that event the Plaintiff cannot recover under any count of the complaint charging simple negligence."

This identical charge was considered in Iron City Grain Co. v. City of Birmingham, 217 Ala. 119, 115 So. 99, where it was given as defendant's requested written charge number 1. In reversing the judgment, because of the giving of said charge, the late Chief Justice Anderson wrote:

"We are not persuaded that the charge made the basis of assignment of error 3, and which we number 1, is bad, in that the first part thereof misplaces the legal presumption or burden of proof. It does not attempt to deal with the shifting of the burden or the going forward by the defendant with evidence after the plaintiff has established certain facts as dealt with and discussed in the case of Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257, but we think the latter part of same was bad. *It was not only misleading, but invaded the province of the jury, and was therefore erroneous.* Smith v. State, 88 Ala. 23, 7 So. 103; Gibson v. State, 91 Ala. 64, 9 So. 171; Skipper v. Reeves, 93 Ala. 332, 8 So. 804. The charge, in effect, instructs the jury that they should not find the defendant guilty of negligence, if they could reasonably reconcile all the evidence in the case with the theory that the defendant was not guilty of negligence, although they could have more reasonably found from all the evidence that the defendant was guilty of negligence. True, in the first two cases cited, similar charges were criticized merely, and the trial court was justified in refusing same, but, in the last case, Skipper v. Reeves, supra, it was held that the giving of such charges was reversible error." (Emphasis ours.)

■ Charge D–8, supra, being more than misleading, but positively erroneous, the duty of the plaintiff to request an explanatory charge was obviated. Lasseter v. King, 33 Ala.App. 204, 31 So.2d 586, cert. den. with opinion, 249 Ala. 422, 31 So.2d 588.

■ Defendant's given requested written charges D–11 and D–12 could more

properly have been refused than given, because of their misleading tendencies. Both of these charges, in effect, instruct the jury that they should be reasonably satisfied from the evidence that the conduct of the defendant at the time of the accident should be such as deserved "punishment" (Charge D–11) and that any damages awarded should be "solely and exclusively for the purpose of punishing the defendant" (Charge D–12.)

The charges were faulty in omitting to state that damages awarded under our Homicide Act (Sec. 123, Title 7, Code of Alabama 1940) not only are assessed as punishment, but also as a deterrent. Breed v. Atlanta, B. & C. R. Co., 241 Ala. 640, 4 So.2d 315; King v. Lasseter, supra.

■ The charges were misleading in that "deserved to be punished" might be taken by the jury to mean punished as for a crime. Hampton v. Roberson, 231 Ala. 55, 163 So. 644. However, the giving of charges of this nature, they being misleading only, will not alone be fatal in the absence of requested charges explanatory of their misleading tendencies. Williams v. Wicker, 235 Ala. 348, 179 So. 250.

■ Counsel for appellee would have us apply Supreme Court Rule 45 to the court's action in giving Charge D–8. Such charge was positively erroneous, Charges D–11 and D–12 were misleading, but subject to having their misleading tendencies corrected by requested explanatory charges. Such explanatory charges were not requested. Even so, the misleading tendencies of these two charges could but serve to emphasize the error resulting from the giving of defendant's Charge D–8. Such circumstances makes inappropriate the application of Supreme Court Rule 45.

Counsel for appellant have also urged as error the action of the court in overruling her motion for a new trial, and under this assignment have argued those grounds of the motion for a new trial questioning the verdict in light of what the appellant contends to be the great weight and preponderance of the evidence.

Being clear to the conclusion that the giving of defendant's requested Charge D–8 compels a reversal of this judgment, no useful purpose would be served in a discussion of this point, and due regard for brevity points toward the desirability of omitting such discussion.

For the benefit of the bench and bar, we would observe, however, that a charge identical with Charge D–8 is set forth in Jones' Alabama Jury Instructions, Sec. 3681, and the preface to this work states that all instructions set forth in the work are approved instructions. Iron City Grain Company, supra, is cited as authority for the validity of the charge. A reading of Iron City Grain Company discloses that the charge was not approved, but held to be not only misleading, but invasive of the province of the jury, and error to reversal to give.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.