261 So.2d 745

**W. Gregory JONES, II**

v.

**David E. BERNEY et al.**

**3 Div. 491.**

Supreme Court of Alabama.

April 27, 1972.

424

Rushton, Stakely, Johnston & Garrett and William B. Moore, Jr., Montgomery, for appellee David E. Berney.

Hill, Hill, Stovall, Carter & Franco, and Harry Cole, Montgomery, for appellee Clarence S. Bowman, III.

Euel A. Screws, Jr., Montgomery, for appellant.

MERRILL, Justice.

This appeal is from a judgment for defendants. The plaintiff was injured as the result of having been shot with a pistol.

On December 31, 1968, plaintiff Jones, defendant Bowman and several other people, attended a party at defendant Berney's home. Each of the three parties involved in this litigation consumed an undetermined amount of alcoholic beverages but no contention was made that anyone did not have full control of his faculties. Berney later invited Jones to go upstairs to inspect a holster owned by Berney and when they went upstairs Bowman accompanied them. Each of the three parties was familiar with firearms, owned and hunted with firearms and was generally interested in firearms.

Berney took a holster and pistol from a closet and handed them to Jones. Jones passed the pistol back to Bowman and kept the holster in his possession while Berney continued to look in the closet for a belt. Berney knew the pistol was loaded but did not so advise Jones or Bowman. Neither Jones nor Bowman asked if the pistol was loaded nor did they attempt to determine in any other manner if the pistol was loaded.

While Bowman had the pistol in his possession he pulled the trigger twice. The first time the hammer fell on an empty chamber but the second time the pistol fired and the bullet struck Jones in the stomach.

Jones filed suit against Berney and Bowman. Jones' complaint contained a negligence count and a wanton count and the defendants pleaded the general issue. The jury found for defendants.

Appellant Jones assigns as error the giving of several requested charges.

Appellee Berney's Charge No. 10 is the subject of assignment 21 and the charge reads:

"I charge you that if you are reasonably satisfied from all the evidence in this case that plaintiff's injuries were the proximate result of a mere accident on the occasion complained of, then you cannot find for the plaintiff against the defendant, Berney."

In his contention that the giving of defendant Berney's Charge No. 10 is reversible error, appellant relies heavily on this court's ruling in Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731. However, the charge given in *Harris* is materially different from the charge in the case at bar in at least two aspects: (1) The charge in *Harris* did not hypothesize that the accident proximately contributed to the injury, and (2) The charge in *Harris* failed to hypothesize a finding "from the evidence." The only material similarity between the charges is the "pure accident" or "mere accident" part, and this court held in Barnes v. Haney, 280 Ala. 39, 189 So.2d 779, that neither the giving nor refusal of "mere accident" charges constitutes reversible error. The charge had, at most, only a tendency to mislead. The giving of defendant Berney's Charge No. 10 is not reversible error. Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277.

Appellant next contends that it was error for the trial judge to give Bowman's Charges No. 7 and No. 8 and Berney's Charge No. 25. The three charges were

essentially the same as Charge No. 7 which provides:

"The Court charges the Jury that wantonness is considered as the legal and moral equivalent of an intentional act."

This court considered a similar charge in Vessel v. Seaboard Air Line Ry. Co., 182 Ala. 589, 62 So. 180, and in refusing to reverse because the trial court had given this charge said:

"Certainly, the most that can be fairly claimed by appellants is that the charges might have been misleading. But that is not a ground for reversal, * * *."

For a similar holding, see Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190[3], and a full discussion of that case's Charges C and B.

Moreover, we think that the misleading tendencies of the charge were answered when the trial court gave the following explanatory charge at plaintiff's request:

"I charge you that one may be guilty of what the law terms wantonness without being willfully negligent. If one acts in such a reckless manner, or such a careless manner that he is conscious that acting this way under these circumstances in this particular situation is likely to injure another, and heedlessly goes on and acts this way, then he is guilty of wanton conduct."

Since this case must be retried, and since we have held many times that charges like Charge 7 are misleading and that the trial court will not be reversed for refusing to give such a charge, we suggest that if those charges are requested on another trial, they be refused because in this case no one would believe that the shooting was intentional. A good definition of wantonness has been approved many times from 1932, Duke v. Gaines, 224 Ala. 519, 140 So. 600, to 1968, Tucker v. Cox, 282 Ala. 489, 213 So.2d 222, where it is stated:

"Wantonness has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. * * *"

The trial court did not err in giving Bowman's Charges No. 7 and No. 8 and Berney's Charge No. 25, nor does the cumulative effect of these charges result in reversible error.

■ Appellant contends in assignment 7 that the giving of Bowman's Charge No. 5 is reversible error because it undertook to charge as to "willful or wanton conduct" and plaintiff-appellant did not allege willfulness in his pleadings. The charge reads:

"The Court charges the Jury that before a party can be said to be guilty of willful or wanton conduct, it must be shown that the person charged therewith was conscious of his conduct, and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, and that with reckless indifference to the consequences, he consciously and intentionally did some wrongful act, or omitted some known duty which produced the injury."

A similar situation developed in Brown v. Southeastern Greyhound Lines, 255 Ala. 308, 51 So.2d 524, where the parties went to trial on simple negligence and wanton counts. There was no evidence that the action of the driver of the bus in a bus-automobile collision was willful. The court gave a charge which began:

"41. The Court charges you that in order to constitute willfulness or wantonness or reckless indifference to probable consequences, * * *."

This court said of Charge 41:

"We think that Charge 41 given at defendant's request might well have been refused without error on the ground that it is involved and confusing. But we do not think the giving of that charge could have been prejudicial to the plaintiff so as to work a reversal. * * *"

Other cases showing that willful or intentional injury may not necessarily be involved in wantonness are Smith v. Lawson, 264 Ala. 389, 88 So.2d 322[8] and Porterfield v. Life & Casualty Co., 242 Ala. 102, 5 So.2d 71[1]. The trial court did not err in giving Bowman's Charge No. 5.

■ Appellant contends in assignment 22 that the trial court erred in giving Berney's Charge No. 11, which follows:

"I charge you that if after a fair consideration of all the evidence, your mind is left in a state of confusion as to whether or not plaintiff is entitled to recover from the defendant, Berney, you cannot find for the plaintiff, against the defendant, Berney."

He cites this court's decision in Alabama Great Southern Railway Co. v. Robinson, 183 Ala. 265, 62 So. 813, as authority. However, the charge that was properly refused by the trial judge in *Robinson* would have instructed the jury that if the mind of the jury "be in a state of *doubt* or confusion as to whether or not the plaintiff is entitled to a verdict," then the verdict should be for the defendant. (Emphasis added.) The court held the "doubt" part of this charge made the burden of proof too great on the plaintiff. But dictim in *Robinson* and later the holding in Holmes v. Birmingham Transit Co., 270 Ala. 215, 116 So.2d 912, provided that the giving of a "state of confusion" charge is not reversible error. The charge in *Robinson* and *Holmes* is to be distinguished from the charge given in Culverhouse v. Gammill, 217 Ala. 137, 115 So. 105, where an "uncertain in your minds" charge was given. The court said it was reversible error to give this charge since it required too

high a degree of proof by the plaintiff. The trial court did not err in giving Berney's Charge No. 11, although it would not have been error to refuse it. See *Robinson* and *Culverhouse,* supra.

■ Appellant also contends that the trial court erred in giving Berney's Charge No. 9. This is the basis of assignment 20. The charge reads:

"I charge you that the law does not presume that the defendant, Berney, was guilty of negligence in this case, and if you are able to reasonably reconcile all the evidence in the case with the theory that the defendant, Berney, was not guilty of negligence, it is your duty to do so and in that event you should find for the defendant, Berney, under Count 1B."

In considering essentially the same charge in Iron City Grain Co. v. City of Birmingham, 217 Ala. 119, 115 So. 99, the late Chief Justice Anderson wrote:

"We are not persuaded that the charge made the basis of assignment of error 3, and which we number 1, is bad, in that the first part thereof misplaces the legal presumption or burden of proof. It does not attempt to deal with the shifting of the burden or the going forward by the defendant with evidence after the plaintiff has established certain facts as dealt with and discussed in the case of Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257, but we think the latter part of same was bad. It was not only misleading, but invaded the province of the jury, and was therefore erroneous. Smith v. State, 88 Ala. 23, 7 So. 103; Gibson v. State, 91 Ala. 64, 9 So. 171; Skipper v. Reeves, 93 Ala. 332, 8 So. 804. The charge, in effect, instructs the jury that they should not find the defendant guilty of negligence, if they could reasonably reconcile all the evidence in the case with the theory that the defendant was not guilty of negligence, although they could have more reasonably found from all the evidence that the defendant was guilty

of negligence. True, in the first two cases cited, similar charges were criticized merely, and the trial court was justified in refusing same, but, in the last case, Skipper v. Reeves, supra, it was held that the giving of such charges was reversible error."

The above excerpt is quoted and followed in Sawyer v. Stabler, 279 Ala. 496, 187 So.2d 251, and it is there noted that a charge identical to the one in *Iron City Grain Co.,* supra, is cited as an approved charge in Jones' Alabama Jury Instructions, § 3681, when in fact the charge was not approved. The trial court erred in giving this charge.

For the error just noted, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.

