# Jordan, *et al. v.* Emanuel.

*Trespass and Trover.*

(Decided April 21, 1910.   52 South. 310.)

1. *Pleading; Pleas in Bar.*—Pleas in the nature of confession and avoidance interposed in bar of the entire action, and not as mere denial, are bad, where none of them answer the whole complaint, as they profess to do, and at best anyone of them being an answer to but one count thereof.

[Jordan, et al. v. Emanuel].

2. *Same; Indefiniteness and Uncertainty.*—Where one count in the complaint claimed for the conversion of two bales of cotton, and another for the conversion of eight bales of cotton, a plea interposed thereto alleging a bill of sale by plaintiff to defendant of two bales of cotton, and another for the sale of eight bales of cotton, a plea interposed thereto alleging a bill of sale by plaintiff to defendant of two bales of cotton growing on plaintiff's land is bad for indefiniteness and uncertainty in not identifying those sold with those carried away.

3. *Sales; Bill of Sales.*—A bill of sale of two bales of cotton five hundred pounds each now growing on my land, is void for uncertainty in not identifying the bales sold.

4. *Charge of Court; Misleading Instructions; Necessity of Requesting Explanatory Instructions.*—Where a charge given states a correct proposition of law, but is misleading in its tendencies, it is the duty of the adversary party to request explanatory instructions, and in the absence of such request, the court will not be put in error for giving the misleading charge.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Burrell Emanuel against G. T. Jordan and another, in trespass quare clausum fregit and in trover. Judgment for plaintiff and defendants appeal. Affirmed.

ROACH & CHAMBERLAIN, for appellant.—Growing crops are personal property where they are the product of annual sowing or planting.—56 Ala. 544; 73 Ala. 547. The bill of sale was not void for uncertainty.— *Woods v. Rose,* 135 Ala. 300; *Wade v. Strachan,* 71 Mich. 461; 5 A. & E. Ency 915; 20 Id. 919.

R. I. SMITH, and PILLANS, HANAW & PILLANS, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—The action is in trespass quare clausum fregit and in trover for the conversion of cotton and cotton seed. The first two counts are in trespass, and claim damages, not only for breaking and entering plaintiff's land, but also for destroying his crops of cotton, peas, potatoes, grasses, fences, etc.

The last two are in trover, one for the conversion of two bales of cotton and the seed thereof, and the other for the conversion of eight bales of cotton and the seed thereof. The defendants pleaded to the complaint as a whole, and not to the counts separately.

The pleas each alleged a bill of sale by the plaintiff to the defendant Jordan of two bales of cotton growing on the land of plaintiff, and that plaintiff authorized Jordan or his agent to go on the land and take possession of the cotton, and that the other defendant was the agent of Jordan in taking the two bales of cotton, and that defendant acted under this authority in taking the two bales of cotton. The pleas were bad, in that they were interposed as pleas in bar of the entire action, when at best no one of them could be an entire answer to but one count of the complaint. They were not interposed as mere denials, but were all in the nature of pleas in confession and avoidance, and as such were insufficient, in that they did not answer the whole complaint, as they professed to do, but only a part thereof. They were also open to the objection that they were indefinite and uncertain, in that it was not alleged that the two bales of cotton carried away were the two bales sold to the defendant Jordan by the plaintiff. These defects were pointed out, and the court properly sustained the demurrer to the pleas.

The bill of sale of two bales of cotton was void for uncertainty in failing to identify the two bales sold. The parol evidence wholly failed to make it certain in this respect; the only identification being "two bales of cotton, 500 pounds each, now growing on my land." It was not shown that there were only two bales then growing on plaintiff's land, but all the evidence showed that there were more than two; and there was nothing to show that either bale carried away by defendants

was one of the bales attempted to be conveyed by the bill of sale. Therefore there was no error in the court's charging the jury, at plaintiff's request, that "the bill of sale gave Jordan no right to enter upon plaintiff's land and pick his cotton." If this charge had a tendency to mislead the jury as to defendant's parol testimony tending to show permission to enter and pick cotton, it could and should' have been cured by an explanatory charge requested by defendants.

There being no reversible error shown, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.