[Alabama Great Southern Railway Co. v. Robinson.]

# Alabama Great Southern Railroad Co. *v.* Robinson.

## *Injury to Passenger.*

(Decided June 3, 1913. 62 South. 813.)

1. *Carriers; Passengers; Injury; Complaint.*—A complaint alleging that while plaintiff was a passenger on defendant's road, in consequence of the negligence of defendant, owing to the door becoming fastened or obstructed, she was confined for considerable time in the small room in the coach, and as a consequence suffered the injuries alleged in her complaint, was made uncomfortable, annoyed and chagrined, that the attention of many people was called to the fact, that she was so confined, and that she was separated from her small children for a long time, sufficiently charged a breach of defendant's duty to carry her safely as a passenger.

2. *Same; Degree of Care.*—A carrier owes to its passengers the exercise of the highest degree of care, skill and diligence known to persons engaged in that business.

3. *Same; Evidence.*—Where the passenger testified that she made every effort to unfasten the door to the room in which she was confined, and there was also evidence that the porter, after entering the room through a window, prized off either the lock or the receiver, the evidence was sufficient to make it a jury question as to the negligence of defendant in failing to have the fastenings to the door in a safe and proper condition.

4. *Charge of Court; Degree of Proof.*—A charge asserting that if the mind of the jury was in a state of doubt or confusion as to plaintiff's right to recover, they should find for defendant, was properly refused, as under the charge, plaintiff was required to prove her case beyond the slightest doubt.

5. *Same.*—It is proper and advisable to refuse charges asserting that if the minds of the jury are in a state of confusion as to plaintiff's right of recovery, they should find for defendant, whether or not it was reversible error to give such charges.

(Mayfield, Sayre and Somerville, JJ., dissent in part.)

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Mrs. Laura B. Robinson against the Alabama Great Southern Railroad Company for damage for injury to her while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is count 1: "Plaintiff claims of defendant $5,000 as damages for that heretofore, to wit, on the 4th day of July, 1911, defendant was a common carrier of passengers for hire and reward by means of a train upon a railway from a point in Alabama, to wit, York, to another point in said state, to wit, Attalla; that on said day, while plaintiff was being carried by the defendant as its passenger on said train for hire and reward, accompanied by her three small children, and while plaintiff was defendant's passenger on said train, and said train was at a point on said railway between said York and said Attalla, in said Alabama, plaintiff, with one of her said children, to wit, a child two years of age, went into the toilet provided by defendant on the car in said train, on which car defendant was carrying plaintiff and said child as its passengers; that while plaintiff and said child were in said toilet the door or place of exit from said toilet became so fastened or obstructed as that plaintiff and said child were unable to leave said toilet for a long time, to wit, for several hours, and as a proximate consequence thereof plaintiff, who was far advanced in pregnancy, was made sore and sick, her health and physical stamina were greatly impaired, she suffered great mental and physical pain and anguish, was confined for a long time in a close and hot and small apartment, and was made very uncomfortable, and was greatly annoyed, chagrined, the attention of many people was called to the fact that she was confined in said toilet, and she suffered great inconvenience and annoyance, and mental and physical pain and anguish, and she was compelled to be separated from two of her small children for a long time. Plaintiff avers that defendant was guilty of negligence in or about carrying plaintiff as its passenger on the occasion aforesaid, and that as a proximate con-

[Alabama Great Southern Railway Co. v. Robinson.]

sequence of said negligence of defendant plaintiff was confined in said toilet for a great portion of said time on the occasion aforesaid, and was caused to suffer said injuries and damage."

Charges 1 and 2 refused to defendant were the general affirmative charge and the affirmative charge as to count 1.

"(16) The court charges, you, gentlemen of the jury, that if, after hearing all the evidence in the case, your mind should be in a state of doubt or confusion as to whether or not plaintiff was entitled to a verdict, then your verdict should be for the defendant."

A. G. & E. D. SMITH, for appellant. The court should have sustained the demurrer to the first count of the complaint as it fails to state wherein appellant neglected its duty in respect to the carriage of plaintiff as a passenger. The court erred in not giving the affirmative charge as to this count.—*M. & E. R. R. Co. v. Mallette,* 92 Ala. 209; *Ga. P. Ry. Co. v. Love,* 91 Ala. 432; *L. & N. v. Jones,* 83 Ala. 376. Plaintiff not only failed to meet the burden of proof, but failed absolutely to show any negligence on the part of the railroad in respect to the lock.—27 L. T. 762; 109 N. Y. 44. The court should have given charge 9, as it was based squarely on the issues. Charge 16 should have been given.—*B. R. L. & P. Co. v. Saxon,* 59 South. 584. The court should have granted a new trial.—*Fleming v. L. & N.,* 148 Ala. 527; *Neyman v. A. G. S.,* 172 Ala. 606.

HARSH, BEDDOW & FITTS, for appellee. Count 1 was not subject to the demurrers, but was in all respects sufficient.—*So. Ry. v. Burgess,* 143 Ala. 364; *B. R. L. & P. Co. v. Adams,* 146 Ala. 276; *Same v. Hagard,* 155 Ala. 343; *L. & N. v. Church,* 155 Ala. 329. Of course, defendant was not entitled to the affirmative charge.

—*Craft v. Boston E. R. Co.,* 39 L. R. A. (N. S.) 880; *Chamberlain v. So. Ry.,* 159 Ala. 171; *A. C. G. & A. v. Appleton,* 54 South. 638; 19 S. W. 280; 77 Atl. 470; 67 S. E. 905; 67 Am. St. Rep. 872. Charge 16 was erroneous even under the *Saxon Case,* and its refusal was proper, as under it, plaintiff would have to prove her case beyond all doubt.

ANDERSON, J.—Count 1 of the complaint sufficiently charges the breach of duty owing the plaintiff as a passenger resulting from a negligent failure to safely carry her as a passenger as it had contracted to do. If she was imprisoned in the toilet provided for passengers on account of a defect in the lock or fastenings of the door so that she could not open said door, and she thereby suffered pain or discomfort, her injuries would as much result from a failure to safely transport her as a passenger as if she received physical hurt or suffered pain through any other source which constituted a breach of duty on the part of the defendant growing out of the relationship, and which said relationship called for the exercise, by the defendant, of the highest degree of care, skill, and diligence known to persons engaged in such business. The trial court did not err in overruling the defendant's demurrer to count 1 of the complaint.

Whether or not proof of the confinement alone would be sufficient to require the defendant to exonerate itself of negligence we need not decide, as the plaintiff not only proved her confinement in the toilet, but proved other facts from which the jury could infer that the defendant was guilty of negligence in failing to have the fastenings to the door in a safe and proper condition. She said that she made every effort to unfasten the door, and there was other evidence, growing out of

[Alabama Great Southern Railway Co. v. Robinson.]

the conduct of the trainmen in getting the same open, to create inferences for the jury that the lock or latch was defective, and that her failure to open same was not due to her mere ignorance as to how to manipulate the fastenings. The plaintiff says that the porter prized off the lock, while he admitted that he prized the receiver after getting to the toilet through the window. If the lock was in good working order and could have been opened in the ordinary way, it was a little singular that the porter prized either the lock or the receiver, and the fact that he resorted to force instead of the usual way to unfasten the door was not only a circumsance tending to show that the fastening was defective, but that the porter knew of same, else he would have attempted to open it in the ordinary way before prizing either the lock or receiver. The trial court did not err in refusing charges 1 and 2, requested by the defendant.

Charge 9, refused the defendant, was fully covered by charges 10, 15, and "A."

Charge 16, refused the defendant, was bad. It instructs for the defendant if the mind of the jury "be in a state of doubt or confusion as to whether or not the plaintiff is entitled to a verdict." The words "doubt or confusion" are disjunctive; and, if either existed, the charge requires a verdict for the defendant; the result is the jury could not, under said charge, find a verdict for the plaintiff if they entertained the slightest doubt as to her right to recovery. Their mind might be in a state of doubt, yet they might be reasonably satisfied that the plaintiff should recover. In other words, this charge, in effect, requires that the proof shall satisfy the jury beyond doubt, and that they must be absolutely positive as to the plaintiff's right to recover before they can find a verdict for her. Such a charge would

be bad in a criminal case, wherein a greater degree of satisfaction is required of the jury than in civil cases. This charge is different from charge 6, held good in the *Saxon Case*, 179 Ala. 136, 59 South. 584, as there the word "confusion" was used alone, and not disjunctively with "doubt," as in the present case, and a state of confusion may perhaps be a different term than doubt. If their mind is in a state of confusion, they may not be reasonably satisfied, yet, if their mind be in doubt, they may still be reasonably satisfied, as the state of doubt may be very slight or may not be at all reasonable. While these cases can be differentiated, we think that the charge in the *Saxon Case* could have been well refused, as misleading, if not otherwise bad, as such charges are delusive and calculated to mislead the jury to the extent that they cannot find a verdict for the plaintiff, unless they are absolutely positive beyond a doubt that he is entitled to recover, and the law does not require such a belief or conviction on the part of the jury. The trial court might not be reversed for giving such a charge as charge 6 in the *Saxon Case, supra,* as it could be explained by counter instructions, but, as it is calculated to mislead the jury, trial courts should not be reversed for refusing same.

It was held in the case of *Brown v. Master,* 104 Ala. 464, 16 South. 443, that charges using the words "doubt or confusion" were bad. And in the case of *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65, a charge using the words "doubt" and "uncertainty" was condemned. In the case of *Calhoun v. Hannon,* 87 Ala. 283, 6 South. 291, the court held that charge 2 in said case was unobjectionable, though using the words "confused or uncertain," in the disjunctive. And in the case of *Marx v. Leinkauff,* 93 Ala. 453, 9 South. 818, it was held that the giving of such a charge

[Alabama Great Southern Railway Co. v. Robinson.]

was not error, citing the *Calhoun Case, supra.* It is evident, however, as noted in the case of *L. & N. R. R. Co. v. Sullivan,* 126 Ala. 95, 27 South. 760, that the charge in the *Calhoun Case, supra,* was treated as using the words conjunctively, and not disjunctively, as the writer of the opinion in the said *Calhoun Case* also wrote the opinion in the case of *Brown v. Master, supra,* wherein a distinction was drawn between it and the *Calhoun Case* by italicizing the word "or" in the charge in the *Brown Case.* This oversight was evidently due to the fact that in deciding the last case the opinion in the *Calhoun Case,* which used the words conjunctively, was relied upon, and the court did not examine the charge which used them disjunctively. The case of *L. & N. R. R. Co. v. Sullivan,* 126 Ala. 95, 27 South. 760, was dealing with charges containing the words "doubt, uncertainty and confusion" conjunctively, and the court only intimated that such a charge might be good if not faulty for another reason, and the court did not hold that it would be reversible error to refuse such a charge. Neither was it held in the *Calhoun* and *Marx* Cases, *supra,* that it was reversible error to refuse those charges, but this court declined to reverse the trial court for giving same. The result is that this court has condemned charges predicated upon a doubt or uncertainty whether used conjunctively or disjunctively, upon the theory that they required too high a degree of certainty upon the jury in finding for the plaintiff, yet a charge predicated upon a state of confusion alone, or when used conjunctively with doubt and uncertainty, one or both, seems to have been considered correct to the extent of holding that the giving of same was not reversible error. The *Saxon Case,* however, holds that the refusal of charge 6 was reversible error, and we think that said case was, to this extent, wrong and

should be overruled. We now hold that charges predicated upon a doubt or uncertainty, one or both, are incorrect and should be refused. Charges predicated upon a "state of confusion in the mind of the jury" are little, if any, better, as the mind of the jury may be in some slight state of confusion, and yet they may be reasonably satisfied that the plaintiff should recover. Such charges can only muddle judicial waters, and confuse and mislead the juries to the belief that they cannot find a verdict for the plaintiff unless they are clear and positive beyond a doubt or uncertainty, in perhaps the slightest degree, that the plaintiff is entitled to a verdict, thus, in effect, putting upon plaintiffs in a civil suit a greater burden than the law puts upon the state in criminal prosecutions. It will be safe in the future for trial courts to refuse such a charge as it is calculated to mislead and confuse the jury. Whether or not the trial court would be reversed for giving such a charge we need not determine until the question presents itself, but which said question can be avoided by a refusal of same by the trial court. The case of *Saxon v. Birmingham R. R. Co.,* 179 Ala. 136, 59 South. 584, is expressly overruled in so far as it held that the refusal of the defendant's charge 6 was reversible error.

We are not prepared to say that the verdict was palpably contrary to the evidence, or that it was contrary to the charge of the court, notwithstanding the court charged that the burden of proof was on the plaintiff. Whether the burden was or was not on the plaintiff, as stated in the first part of this opinion, the plaintiff proved facts from which the jury could infer negligence on the part of the defendant.

The judgment of the city court is affirmed.

Affirmed.

[Birmingham Railway, Light & Power Co. v. Gonzalez.]

DOWDELL, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur in what is said in the opinion, except as to the general charge requested by the defendant. They think the complaint good and that the criticism of the special charges is correct, and that the *Saxon Case* is properly overruled upon the point in question, but they do not think that any negligence was shown on the part of the defendant, its agents, or servants, and think that the case should be reversed.

