(77 South. 726)

MONTE v. NARRAMORE.    (6 Div. 564.)

(Supreme Court of Alabama.    Jan. 17, 1918.)

1. TRIAL ⬥237(3)—INSTRUCTIONS—BURDEN OF PROOF.

Instructions that if, after due consideration of all the evidence in the case, the jury are in doubt or in a state of confusion as to the issues drawn in the case, they cannot find a verdict for plaintiff, and that, if the jury's minds are in a state of confusion or doubt as to whether or not plaintiff did anything by way of negligence which proximately contributed to his own injury, verdict cannot be for him, were erroneous; the word "doubt," whether coupled with "confusion" in the alternative or not, placing too high a degree of proof on plaintiff.

2. APPEAL AND ERROR ⬥1170(9)—HARMLESS ERROR — REFUSAL OF CHARGES COVERED — STATUTE.

Acts 1915, p. 815, providing that the refusal of a charge, though correct, shall not be cause for a reversal, if it appears that the same rule was substantially given the jury in the general charge or charges requested, relates to refused charges, though correct, covered in principle and effect either by the general charge or special given charges, and has no application to charges erroneously given at the request of a party.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by John C. Narramore against Peter Monte for damages occasioned by being struck by an automobile. Judgment for defendant was set aside on motion, and new trial ordered, and defendant appeals. Affirmed.

The charges referred to in grounds 9 and 10 are as follows:

(9) The court charges the jury that if, after due consideration of all the evidence in the case, the jury are in doubt or in a state of confusion as to the issues drawn in the case, they cannot find a verdict for plaintiff.

(10) The court charges the jury that, if their minds are in a state of confusion or doubt as to whether or not plaintiff did anything by way of negligence which proximately contributed to his own injury, then the verdict cannot be for plaintiff.

John W. Altman, of Birmingham, and Perry & Mims, of Bessemer, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

ANDERSON, C. J.    There was jury and verdict for the defendant, whereupon the plaintiff moved for a new trial, which was granted by the trial court, and defendant prosecutes this appeal from the action of the trial court in granting plaintiff's said motion for a new trial.

[1] It is sufficient to say, in justification of the action of the trial court in granting the new trial, that it committed reversible error in giving the defendant's requested charges as embodied in grounds 9 and 10 of the motion for new trial. By use of the word "doubt," whether coupled with "confusion" in the alternative or not, they placed too high a degree of proof upon the plaintiff. In the case of A. G. S. R. R. Co. v. Robinson,

183 Ala. 265, 62 South. 813, we held, after reviewing the authorities, that charges predicated upon "doubt" or "uncertainty," one or both, are incorrect, and should be refused. We also suggested that charges using the word "confusion" could well be refused, but declined to hold that the giving of charges of the last character would amount to reversible error. Since the Robinson Case, supra, we have declined to reverse a case for the giving of a charge using the word "confused" or "confusion." But we have found no justification for giving charges like the ones in the case at bar, and think that the trial court erred in giving same, and properly corrected the error by granting the new trial.

[2] The suggestion that this error was cured or neutralized by the oral charge and plaintiff's given charges finds no support in the previous decisions of this court or in Acts of 1915, p. 815. Said statute relates to refused charges, though correct, which were in principle and effect covered either by the general charge or special given charges, and it has no application to charges erroneously given at the request of a party to the cause.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.