## BICE v. STEVERSON. (5 Div. 834.)

(Supreme Court of Alabama. Feb. 7, 1924. Rehearing Denied April 17, 1924.)

1. **Trial ⊜⇒237(3)—Instruction held to exact too high a degree of proof of negligence.**

In an action for injuries to an employee boarding a moving car on orders of a superintendent, an instruction which required employee to establish beyond doubt and uncertainty in the minds of the jury that the superintendent did order employee to board the car was erroneous, as exacting too high a degree of proof on the part of employee.

2. **Master and servant ⊜⇒149(1)—Instruction denying recovery if superintendent in giving order acted as a reasonable person held proper.**

In an action for injuries to an employee boarding a moving car, on orders of his superintendent to set the brakes, an instruction that, if the superintendent, in ordering the employee to board the car, acted as a reasonable person would have done under all the circumstances, the employer would not be liable, was not erroneous.

3. **Trial ⊜⇒228(4)—Instruction on employer's liability for superintendent's order to board car, held not erroneous though incomplete.**

In an action for injuries to an employee boarding a moving car on order of his superintendent, an instruction that the fact that the superintendent ordered employee to board the car was insufficient to authorize a verdict against defendant, "and if you are reasonably satisfied from the evidence that the giving of such order," while involved and incomplete, was not erroneous.

Appeal from Circuit Court, Coosa County; W. L. Langshore, Judge.

Action by Emerson Bice, by his next friend, against John M. Steverson, for damages for personal injuries. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

For a statement of facts, see 205 Ala. 576, 88 South. 753.

These charges were given for defendant:

"(2) The court charges the jury that, before the plaintiff would be entitled to recover in this case in any event, each and every member of the jury will have to be reasonably satisfied, from the testimony, that M. A. Baker ordered the plaintiff to set the brakes on the car, and, if their minds are left in state of doubt and uncertainty on this question, and if the jury is not reasonably satisfied, from the testimony, that Baker did order the plaintiff to set the brakes on the car, it would not be necessary for you to consider the case any further, but it would be your duty to find a verdict for the defendant."

"(15) Even if Baker gave the order to Bice to go upon the car and set the brakes, if Baker acted as a reasonably prudent person would have done under all the circumstances, the

order would not be negligent, and Steverson would not be liable for the injury resulting therefrom."

"(15½) Even though you may believe from the evidence that Baker ordered Emerson Bice, the plaintiff, to go upon the car and set the brakes, this alone is not sufficient to authorize you to find a verdict against Steverson, and if you are reasonably satisfied from the evidence that the giving of such order by Baker."

Plaintiff's twenty-third ground of demurrer to defendant's plea, is as follows:

"(23) For that said pleas are each and all filed to the complaint as a whole and to each count of said complaint while they are no defense to the count in said complaint which charges willful or wanton negligence or intentional injury."

James W. Strother, of Dadeville, for appellant.

A plea of contributory negligence is no defense to a count for wanton negligence. Montevallo Min. Co. v. Underwood, 202 Ala. 59, 79 South. 453; So. Ry. v. Fricks, 196 Ala. 61, 71 South. 701; S. A. L. v. Laney, 199 Ala. 654, 75 South. 15; A. G. S. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; L. & N. v. Watson, 90 Ala. 68, 8 South. 249; L. & N. v. Orr, 121 Ala. 489, 26 South. 35; M. & E. v. Stewart, 91 Ala. 421, 8 South. 708; K. C., M. & B. v. Crocker, 95 Ala. 412, 11 South. 262. General averments of negligence, or averments amounting to mere conclusions, are not sufficient in a plea attempting to set up contributory negligence. Atkinson v. Dean, 198 Ala. 262, 73 South. 479; New Connellsville Co. v. Kilgore, 162 Ala. 642, 50 South. 205; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 283, 61 South. 80, Ann. Cas. 1916A, 543; Cook v. Standard Oil Co., 15 Ala. App. 448, 73 South. 763; Hines v. Laurendine, 17 Ala. App. 350, 84 South. 780; Postal Tel. Co. v. Hulsey, 115 Ala. 193, 22 South. 854; Johnson v. L. & N., 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; T. C. I. Co. v. Herndon, 100 Ala. 451, 14 South. 287; L. & N. R. Co. v. Markee, 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; L. & N. v. Moran, 190 Ala. 108, 66 South. 799. Charge 2, given for defendant, exacts too high a degree of proof, and its giving was error. B. R., L. & P. Co. v. Milbrat, 201 Ala. 368, 78 South. 224; A. G. S. v. Robinson, 183 Ala. 265, 62 South. 813; L. & N. v. Bouchard, 190 Ala. 157, 67 South. 265; Monte v. Narramore, 201 Ala. 200, 77 South. 726; B. R., L. & P. Co. v. Goldstin, 181 Ala. 517, 61 South. 281. It is actionable negligence for a master not to warn an inexperienced servant of the dangers of the employment; charge 15 was erroneously given for defendant. Meyers v. Basch, 143 La. 383, 78 South. 601; Potts v. Arkansas Mill Co., 139 La. 1006, 72 South. 717; Ala. F. & I. Co. v. Ward, 194 Ala. 242, 69 South. 621; Woodward Iron Co. v. Wade, 192 Ala. 651, 68 South. 1008.

L. H. Ellis, of Columbiana, S. J. Darby, of Alexander City, and Riddle & Riddle, of Talladega, for appellee.

A plea stating as a fact the act of negligence relied on, and that said act was negligently done, and alleging that such negligence proximately contributed to the injury complained of, is not subject to demurrer on the ground that it is a conclusion of the pleader. Bice v. Steverson, 205 Ala. 576, 88 South. 753; Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South. 806; Shelby Iron Co. v. Bean, 203 Ala. 78, 82 South. 92. The giving of a charge merely misleading in tendency is not reversible error. Jordan v. Emanuel, 167 Ala. 177, 52 South. 310.

ANDERSON, C. J. This is the second appeal in this case. Bice v. Steverson, 205 Ala. 576, 88 South. 753. We there held that the defendant's special plea 16, of contributory negligence, was not subject to the grounds of demurrer, that the negligence there set up was a mere conclusion. We adhere to the former ruling. The plea, however, was not a good answer to the wanton counts, and was subject to the plaintiff's twenty-third ground of demurrer, but accurate pleading would suggest that the demurrer should have specified or designated the wanton counts. Especially is this true when the complaint contained as many counts as the present one, and as most of them were for simple negligence. It is suggested by appellee's counsel that the failure to sustain the demurrer to this plea was without injury, as the defendant was entitled to the general charge as to the wanton counts. It is unnecessary for us to resort to this point to save a reversal of this case, as it must be reversed for other reasons. It is sufficient to suggest, however, as a guide upon the next trial, that the record fails to disclose evidence of wantonness on the part of Baker, even if it could be conceded that he ordered the plaintiff to go upon the car and set the brake, but, as held in the former opinion, it was a question for the jury as to whether or not he was guilty of simple negligence.

[1] The trial court erred in giving, at the request of the defendant, charge which we number 2. If not otherwise faulty, it exacts too high a degree of proof on the part of the plaintiff by use of the words "doubt and uncertainty." In the case of A. G. S. R. R. v. Robinson, 183 Ala. 265, 62 South. 813, we dealt with this character of charges and held that when they used these words, one or both, that they should not only be refused, but the giving of same would be reversible error. See, also, Monte v. Narramore, 201 Ala. 200, 77 South. 726. Nor do we think that the latter part of said charge cured or neutralized the erroneous portion of same.

[2] There was no error in giving the defendant's charge 15.

[3] Charge which we number 15½ seems to be involved and incomplete, though error cannot be predicated upon the giving of same as it thus appears.

The trial court committed no reversible error in the rulings upon the evidence, and a discussion of same in detail can serve no good purpose.

The judgment of the circuit court is reversed, and the cause is remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.