## CULVERHOUSE v. GAMMILL. (6 Div. 941.)

Supreme Court of Alabama. Jan. 12, 1928.

**1. Municipal corporations ⊕⟹706(6)—Whether motorist, striking child, near street intersection, was guilty of wanton misconduct, held for jury.**

In action for damages for injuries to plaintiff's minor son under age of seven years struck by defendant's automobile near street intersection, question whether defendant, who, evidence showed, was running his car from 45 to 70 miles per hour on street open to public, which was quite popular, was guilty of wanton misconduct, *held* for jury.

**2. Municipal corporations ⊕⟹706(8)—Instruction, in action for injuries to child, that motorist may presume persons using street will conform to law, held not reversible error.**

In action by father for damages for injuries sustained by child under seven years of age, struck by defendant's automobile near street intersection, instruction that automobile driver, passing street intersection, has right to presume that all persons using street will conform to law of state, and such driver has right to presume and act thereon until it otherwise appears, *held* not so misleading as to prejudice jury against plaintiff, and giving same was not reversible error.

**3. Appeal and error ⊕⟹237(6)—Instruction, in effect requiring verdict for defendant, if there was uncertainty on jury's part regarding any material matter regarding defendant's responsibility, held reversible error.**

In action against motorist for injury sustained by child struck by his automobile, instruction that, if, after considering all evidence, jury should find that such testimony and consideration thereof leaves material matter leading to liability on part of defendant so uncertain in jury's minds as between causes for which defendant might be held responsible and causes for which defendant could not be held accountable, that jury was not reasonably satisfied as to liability of defendant, then, in that event, they could not find for plaintiff, in effect required verdict for defendant, if there was uncertainty on jury's part as to any material matter as to defendant's responsibility, and giving same was reversible error, since it required too high degree of proof.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by C. E. Culverhouse against J. B. Gammill. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

See, also, ante, p. 65, 114 So. 800.

Count 1 alleges that plaintiff's minor son, under the age of seven years, "was on or upon a public highway, namely, Avenue E, and at or near its intersection with Forty-Sixth street, in Birmingham, Jefferson county, Ala., and at said time and place an automobile controlled or operated by the defendant was caused or allowed to run upon or against the plaintiff's minor son and he was knocked down," and injured to the extent detailed; "that plaintiff was thereby caused to lose the services of his said son for, to wit, one year, and was put to much expense in the way of medicines and medical services in the sum of, to wit, $500, all of which was incurred in the effort of plaintiff to heal and cure the wounds and injuries of his said son; * * * that his said son suffered said wounds and injuries, and he suffered the loss of the services of his said son, and he suffered the other losses herein stated, and was put to such expense all as proximate consequence of the negligence of the defendant, in that the defendant negligently caused or negligently allowed said automobile to run upon or against the plaintiff's said minor son at the time and place aforesaid."

Count 2 charges that the injuries and damages alleged were suffered as the "proximate consequence of the wanton conduct of the defendant, or the servant or employee of the defendant, while said servant or employee was acting within the line and scope of his employment as such, in that the defendant, or the said servant or employee of the defendant, while acting within the line and scope of his employment as said servant or employee, wantonly caused or wantonly al-

lowed the said automobile to run upon or against the plaintiff's said minor son at the time and place aforesaid."

Count 3 is for simple negligence, similar in substance to count 1.

Charges 15 and 16, given for defendant, are as follows:

"(15) I charge you, if, after considering all the evidence in this case, you find that such testimony and consideration thereof leaves a material matter leading to liability on the part of Mr. Gammill so uncertain in your minds as between causes for which Mr. Gammill might be responsible and causes for which Mr. Gammill could not be held accountable, you are not reasonably satisfied as to the liability of Mr. Gammill, then in that event you cannot find for the plaintiff.

"(16) I charge you, gentlemen of the jury, that the driver of an automobile, when passing a street intersection, has the right to presume that all persons using the street will conform to the law of the state, and such driver has the right to presume and act thereon, until it otherwise appears."

Ewing, Trawick & Clark, of Birmingham, for appellant.

The driver of an automobile on a public street has no right to presume that a child of tender years will conform to the requirements of the law, but is chargeable with knowledge that such child may follow childish instincts and place itself in a position of peril. Huddy on Automobiles, 495–498; 20 R. C. L. "Negligence," § 32; Berry on Automobiles (4th Ed.) § 514; Herald v. Smith, 56 Utah, 304, 190 P. 932. A charge requiring the plaintiff to relieve the minds of the jury of uncertainty places an undue burden on the plaintiff, and is improper and erroneous. Bice v. Steverson, 211 Ala. 103, 99 So. 639; Monte v. Narramore, 201 Ala. 200, 77 So. 726; A. G. S. R. Co. v. Robinson, 183 Ala. 265, 62 So. 813. When the evidence, in its strongest light for plaintiff, tends to establish wantonness of the defendant, it is error to give the affirmative charge against a count charging wanton conduct. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Pentecost v. Massey, 202 Ala. 681, 81 So. 637; Reaves v. Maybank, 193 Ala. 614, 69 So. 137; McCleery v. McCleery, 200 Ala. 4, 75 So. 316; Morrison v. Clark, 196 Ala. 670, 72 So. 305.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellee.

A charge which correctly states the law, but which is calculated to mislead the jury, is no cause for reversal; the aggrieved party should ask an explanatory charge. Merrill v. Sheffield, 169 Ala. 242, 53 So. 219; Chandler v. Jost, 96 Ala. 596, 11 So. 636. As a general rule, where the jury finds for the defendant under a simple negligence count, the charging out of a wanton count does not constitute reversible error. Erwin v. B. R. L. & P. Co., 200 Ala. 557, 76 So. 915; Cardwell v. L. & N. R. Co., 185 Ala. 628, 64 So. 564. Charge 15 correctly states the law. Amer. C.

I. P. Co. v. Landrum, 183 Ala. 132, 62 So. 757; Carlisle v. C. of Ga. R. Co., 183 Ala. 195, 62 So. 759; Golson v. W. F. Covington Mfg. Co., 205 Ala. 226, 87 So. 439.

ANDERSON, C. J. [1] We think that the trial court erred in giving the affirmative charge as to count 2, the wanton one. The evidence showed that this was a popular street, and also tended to show that the defendant was running his car at from 45 to 70 miles per hour, and the jury could have inferred wanton misconduct on the part of the defendant. True, we have railroad cases holding that a high rate of speed alone does not amount to wantonness, but those are different cases. There the defendant was using its own track. Here the defendant was using a street open to the public, and which was quite popular. As to whether or not the error in giving this charge was rendered harmless by the verdict of the jury acquitting the defendant of simple negligence is at least debatable (McNeil v. Munson, Ship Line, 184 Ala. 420, 63 So. 992), but a point we need not decide, as this case must be reversed for other reasons.

[2] Charge 16, given at the request of the defendant, states a correct general proposition. Karpeles v. City Ice Co., 198 Ala. 449, 73 So. 642. True, there may be exceptions to the general rule, as where the injured party, as in this case, is a child of tender years, but we think the charge hypothesizes exceptions as it says, "until it otherwise appears." We do not think the charge so worded was so misleading as to prejudice the jury against the plaintiff, and the giving of same was not reversible error.

[3] Charge 15, given for the defendant, required too high a degree of proof by the plaintiff, and the giving of same was reversible error. A., G. S. R. R. v. Robinson, 183 Ala. 265, 62 So. 813; Monte v. Narramore, 201 Ala. 200, 77 So. 726; Bice v. Steverson, 211 Ala. 103, 99 So. 639. The charge in question, in effect, requires the acquittal of the defendant, if there is an uncertainty on the part of the jury, be it ever so slight, as to any material matter or fact as to defendant's responsibility. The charge uses one of the very words, "uncertainty," as condemned in the Robinson Case, and wherein it was held to be reversible error to give charges which used the words "doubt or uncertainty." True, later on in the opinion, the court, while condemning charges, predicated upon a "state of confusion in the mind of the jury," and admonished the trial courts to refuse same, left open the question as to whether or not the giving of such a charge would be reversible error, but did in most unmistakable terms hold that the giving of charges as to doubt and uncertainty was reversible error. See, also, Monte v. Narramore, supra.

The cases of American Co. v. Landrum, 183 Ala. 132, 62 So. 757, Carlisle v. Cen. of Ga.

R. R., 183 Ala. 195, 62 So. 759, and Golson v. Covington, 205 Ala. 226, 87 So. 439, did not deal with a charge like the one in question. It has been repeatedly held by this court that all expressions or statements in opinions or text-books do not necessarily form a basis for special instructions to the jury.

As this case must be reversed, it is needless to pass upon the motion for a new trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.