159 So. 228

**BRITLING CAFETERIA CO. v. IRWIN.**

6 Div. 480.

Supreme Court of Alabama.

Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

688

W. A. Denson, of Birmingham, for appellee.

B. F. Smith, of Birmingham, for appellant.

BROWN, Justice.

This is an action on the case by the appellee against the appellant to recover damages for personal injuries alleged to have been inflicted on the plaintiff in a collision between an automobile in which the plaintiff was riding on a public highway and a truck.

The complaint consists of three counts. Count 1 alleges, as inducement, "that on, to-wit, May 3rd, 1932, plaintiff, while riding in an automobile in a public highway in the County of Jefferson, State of Alabama, at a place where he had the right to be and was not a trespasser, was injured as follows: an automobile truck collided with the automobile in which plaintiff was riding (cataloguing plaintiff's injuries)"; and concludes: "Plaintiff avers said injuries to him were proximately caused by the negligence of the defendant's servants or agents while acting within the line and scope of their employment, which negligence consisted in this: said servants or agents while acting within the line and scope of their employment negligently collided said automobile truck with said automobile in which plaintiff was riding."

· Count 2 adopts the inducement of count 1, and further avers "said injuries were proximately caused by the negligence of the defendant's servants or agents while acting within the line and scope of their employment, which negligence consisted in this: said servants or agents while acting within the line and scope of their employment, after becoming aware of the peril of said automobile truck colliding with said automobile in which plaintiff was riding, negligently failed to use all of the means at their command to prevent said automobile truck colliding with said automobile, when by the use of said means said automobile truck would have been prevented from colliding with said automobile in which plaintiff was riding and said injuries would have been avoided."

The third count adopts the inducement of the first, and avers "*said injuries* to him were proximately caused by the wanton, wilful, or intentional conduct of the defendant's servants or agents while acting within the line and scope of their employment, which wanton, wilful or intentional conduct consisted in this: said servants or agents while acting within the line and scope of their employment wantonly, wilfully or intentionally caused said automobile truck to collide with said automobile in which plaintiff was riding, *with the knowledge plaintiff would probably be injured thereby*, and with reckless disregard of the consequences." (Italics supplied.)

■ The predicate for the first assignment of error is the "overruling appellant's demurrers as last amended to the counts of the complaint," and, in brief, the only criticism in support of this assignment of error is, that the third count undertakes to state the facts

constituting wantonness and the facts stated do not constitute wantonness.

Whatever else may be said of the third count, that is not one of its defects, nor is it subject to the objection that it characterizes the act and not the injury as wanton. Therefore, the holding in Harrison v. Formby et al., 225 Ala. 260, 142 So. 572, is not an apt authority.

"When a complaint shows that both plaintiff and defendant were in the ordinary and rightful use of a highway, and a duty is thereby shown, the general averment of a negligent or wanton injury by defendant of plaintiff is sufficient." Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556, 558; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73.

■ Each of the counts was defective and subject to some of the grounds of demurrer, in that they failed to show what, if any, relation the defendant or its servants had to the truck. Levans v. Louisville & N. R. Co., 228 Ala. 643, 154 So. 784; Buffalo Rock Co. v. Davis, supra.

■ However, the evidence is without dispute that the truck was the property of the defendant and was being driven by defendant's servant or agent on the highway, and that he was engaged in and about his master's business; or, to state it otherwise, was acting within the scope of his employment. Hence the overruling of the demurrer was without injury. Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929.

■ The defendant's several special pleas of contributory negligence were interposed to "the complaint and each count of the complaint separately and severally," and they were clearly no answer to the wanton count. The demurrer to the pleas took this point and it was sustained without error. Yancey et ux. v. Denham, 211 Ala. 138, 99 So. 851; People's Shoe Co. v. Skally, 196 Ala. 349, 71 So. 719; Black et al. v. W. T. Smith L. Co., 179 Ala. 397, 60 So. 154; Cox, Hill & Thompson v. Columbus & Western Railway Co., 91 Ala. 392, 8 So. 824; Jordan et al. v. Emanuel, 167 Ala. 176, 52 So. 310; Adams v. M'Millan, ex'or, etc., 7 Port. 75; Tomkies et al. v. Reynolds, 17 Ala. 109; Wilkinson v. Moseley, 30 Ala. 562.

■ Charges 12, 14, 15, and 16, requested by and refused to defendant, were argumentative and were refused without error. Monte v. Narramore, 201 Ala. 200, 77 So. 726; Bice v. Steverson, 211 Ala. 103, 99 So. 639.

The language of charge 15 was used arguendo in the opinion of the court in Elmore v. Galligher, 205 Ala. 230, 87 So. 349, as a basis for holding that the evidence left the matters at issue in that case to mere conjecture, justifying the affirmative charge for the defendant. We have repeatedly held that such excerpts from judicial opinions are not appropriate as an instruction to juries. Wear v. Wear et al., 200 Ala. 345, 76 So. 111; Hale et al. v. Cox, 222 Ala. 136, 131 So. 233.

Charges 4, 5, (Q), and 17, requested by defendant and refused by the court, were bad in form and were refused without error. Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Alabama Iron Company v. Smith, 155 Ala. 287, 46 So. 475.

Defendant's refused charges 11 and 16, if for no other reason, were refused without error because they were substantially covered by defendant's given charges 7, 8, 10, and 13.

Under the evidence, the issue of negligence was for the jury, and the general affirmative charge was well refused.

The defense of contributory negligence, as a general rule, is not available unless specially pleaded. The special pleas went out on demurrer, and therefore reversible error was not committed in the refusal of defendant's charges 1, 2, 9, and 17. Southern Railway Co. v. Shelton, Adm'r, 136 Ala. 191, 34 So. 194; Kansas City, Memphis & Birmingham Railroad Co. v. Crocker, 95 Ala. 412, 11 So. 262.

No reversible errors appear on the record. Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.