89 So.2d 687

**HILL GROCERY CO.**

v.

**Virginia V. WILSON.**

**6 Div. 3.**

Supreme Court of Alabama.

Sept. 13, 1956.

London & Yancey, Geo. W. Yancey and Jas. E. Clark, Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

STAKELY, Justice.

On December 27, 1952, Virginia V. Wilson (appellee) went into the store of the defendant, Hill Grocery Company, a corporation (appellant), located on Fourth Avenue at Eighteenth Street in the City of Bessemer for the purpose of making a purchase. It is claimed that as she was walking down one of the aisles in the store to the counter where the articles she desired to purchase were kept, she slipped and fell, sustaining a fractured wrist and other injuries.

Testimony for the appellee tended to show that at the point where she fell, the floor was wet and there were bits of greens or other vegetable matter which apparently had been walked on and was dirty and that by stepping thereon she was caused to fall. The point where she fell was in front of the bins where produce was kept such as greens, lettuce, etc. On the contrary, the testimony of the defendant tended to show that the aisle was free and clean from all débris and was not wet at the time of the accident and that it had been swept immediately prior to the time when the plaintiff fell.

We do not think that it is necessary to detail the testimony at any greater length because enough has been said to make the case understandable.

E. E. Wilson, the husband of Virginia V. Wilson, filed suit to recover damages for loss of services and medical expense on account of the alleged negligence of the defendant growing out of the alleged fall of his wife. The two suits were consolidated by order of the court.

The defendant pleaded in short by consent the general issue and contributory negligence in each case. The cases were tried by a jury and resulted in a jury verdict in each case for the defendant. In each case motions were filed to set aside the verdicts and judgments and to grant the plaintiffs a new trial.

On November 17, 1955, after considering the motions the court held that it had committed error in giving Charge No. 17 as requested by the defendant in writing in each case. The court set aside the verdicts and judgments solely on the ground numbered one of the motions in which the plaintiff (appellee here) claimed error on account of the giving of written Charge 17 which is as follows:

"17. I charge you, gentlemen of the jury, that under the law of the State of Alabama the burden of proof is on the plaintiff in this case to show by unbroken sequence of cause and effect that the alleged negligence of the defendant was the proximate cause of the injuries sustained by Mrs. Wilson. I further charge you, gentlemen of the jury, that where the evidence leaves it uncertain as to whether the cause of the injury was something for which the defendant was responsible, or something for which the defendant was not responsible, there is a failure of proof, and unless you are reasonably satisfied from the evidence in this case that the negligence of the defendant, if any, was the proximate cause of the injuries sustained by Mrs. Wilson, you cannot return a verdict in favor of the plaintiff and against the defendant."

From the granting of the motions for new trials in each of the aforesaid cases the defendant in the court below, the appellant here, has taken a separate appeal but on one record and transcript of evidence.

While there appear to be some earlier cases to the contrary, this Court in later cases has held that the giving of a charge similar to charge 17 constitutes error. We refer to one of these later cases as showing the ruling of this court. In the case of Nelson v. Lee, 249 Ala. 549, 32 So 2d 22, 24, the Court had before it charge num-

ber six, given at the request of the defendant, which reads as follows:

"'6. I charge you, gentlemen of the jury, that if after a consideration of all the evidence in this case your minds are left in a state of doubt and uncertainty so that you are not reasonably satisfied from the evidence that on the occasion complained of the defendant was guilty of negligence in and about the transportation, handling or removal of the rifle in question you cannot return a verdict in favor of the plaintiff and against the defendant.'"

As to this charge the Court said:

"The trial court erred in giving Charge No. 6 requested by defendant. Under the decisions of this court this charge placed too high a degree of proof upon the plaintiff. Monte v. Narramore, 201 Ala. 200, 77 So. 726; Allen v. Birmingham Southern Ry. Co., 210 Ala. 41, 97 So. 93; Bice v. Steverson, 211 Ala. 103, 99 So. 639; Culverhouse v. Gammill, 217 Ala. 137, 115 So. 105."

Upon a consideration of the matter we think that Nelson v. Lee, supra, and the authorities cited therein show that the trial court was in error in giving Charge No. 17 as requested by the defendant. The court, therefore, acted correctly in setting aside the judgments and verdicts in the two cases. Under Charge 17 if the jury had the slightest uncertainty as to whether the defendant was responsible for the injury, they were required to find that there was failure of proof as to such fact. The effect of the charge is to place the burden upon the plaintiff to show beyond all uncertainty that the defendant was responsible for the injury sustained by the plaintiff. As pointed out in the foregoing authorities, the charge places too high a degree of proof upon the plaintiff. It follows that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.